STATE OF WEST VIRGINIA

FILED

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: C.S.

No. 17-0470 (Jackson County 16-JA-29)

## MEMORANDUM DECISION

Petitioner Father R.C., by counsel Teresa C. Monk, appeals the Circuit Court of Jackson County's December 23, 2016, order terminating his parental rights to C.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of petitioner's appeal. The guardian ad litem ("guardian"), Ryan M. Ruth, filed a response on behalf of the child also in support of petitioner's appeal. On appeal, petitioner argues that the circuit court erred in finding that he abused and neglected the child, in terminating his parental rights, and in refusing to allow him to be present at the adjudicatory and dispositional hearings.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon our review, we believe that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision vacating the circuit court's order. For the reasons expressed below, the circuit court's order is vacated and the case is remanded to the circuit court for the holding of an adjudicatory hearing in compliance with Chapter 49 of the West Virginia Code and the Rules of Procedure for Child Abuse and Neglect Proceedings.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner alleges one other assignment of error in his petition for appeal, namely, that the circuit court erred by not establishing that he was the child's biological father. However, according to the record below, petitioner acknowledged paternity and, as such, this assignment of error will not be addressed herein. As more fully addressed below, this Court's decision is limited to the three assignments of error related to petitioner's allegations that the circuit court erred by finding that he abused and neglected the child, terminating his parental rights, and refusing to allow petitioner to be present at the adjudicatory and dispositional hearings.

In April of 2016, the DHHR filed an abuse and neglect petition against petitioner and the child's mother alleging that the mother abused drugs, abandoned the child, and failed to provide the child with necessary food, clothing, and shelter. The only allegations against petitioner were that he was incarcerated on a parole violation revocation and that, due to his incarceration, he abandoned the child. According to the petition, the child was born while petitioner was incarcerated on the parole violation and remains incarcerated.

In May of 2016, the circuit court held a preliminary hearing. Petitioner did not appear due to his incarceration. It was noted at the hearing that petitioner was unable to take custody of the child due to his incarceration. The circuit court proceeded in his absence but in the presence of petitioner's counsel. Following the preliminary hearing, petitioner's counsel filed a motion requesting that petitioner be transported to the adjudicatory hearing from the regional jail, or in the alternative, be permitted to appear by video conference.

Beginning in June of 2016, the circuit court held a series of adjudicatory hearings. Petitioner's counsel renewed her previously filed motion requesting that petitioner be transported to the hearing or in the alternative, be permitted to appear by video conference. The circuit court denied petitioner's motions and proceeded in his absence. The court heard the proffers of the guardian, mostly concerning the child's mother and questioned the parties' counsel regarding petitioner's crime and possible parole date. Then, despite the fact that no evidence or testimony was presented in support of the allegations against petitioner, the circuit court adjudicated him as an abusing parent upon a finding that he abandoned the child and failed to protect the child from the mother's abuse and neglect.

In October of 2016, the circuit court held a dispositional hearing. At the hearing, petitioner's counsel again renewed her previously filed motion requesting that petitioner be transported to the hearing or in the alternative, be permitted to appear by video conference. Petitioner's counsel also requested a continuance. The circuit court denied petitioner's motion and indicated that its decision would not be changed by petitioner's presence at the hearing. No evidence, other than the fact of petitioner's incarceration, was presented at the hearing, and there was no evidence on the record that the circuit court took judicial notice of any prior testimony. On December 23, 2016, the circuit court terminated his parental rights to the child. It is from this order petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the circuit court's failure to conduct an adjudicatory hearing or gather evidence in support of its adjudicatory findings. We agree that the circuit court so erred. West Virginia Code § 49-4-601(h) provides that any "party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses . . . ." Further, in addressing the burden of proof at adjudication, we have held as follows:

> W.Va.Code [§] 49-6-2(c) [now West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden.

Syl. Pt. 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

In this case, the DHHR proved only that petitioner was incarcerated. West Virginia Code § 49-4-201 provides that "'abandonment' means any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child." Petitioner's counsel proffered that petitioner believed that he would be paroled soon and would be able to participate in an improvement period. She also proffered that he wanted the opportunity to testify on his own behalf and requested that he be permitted to testify regarding his ability to fully participate in an improvement period and parent the child. The circuit court denied petitioner's counsel's request and relied on petitioner's incarceration to find that petitioner abandoned the child.

Further, the DHHR and the guardian concede that the DHHR produced no testimony or documents regarding the abandonment allegations against petitioner at the adjudicatory hearing and agree on appeal that the adjudicatory hearing was not conducted in accordance with West Virginia Code § 49-4-601(h). As such, the circuit court erred in finding that petitioner abused the child without conducting an evidentiary hearing in accordance with West Virginia Code § 49-4-601.

Next, regarding petitioner's assignment of error concerning the circuit court's failure to conduct a dispositional hearing or gather evidence in support of its dispositional findings, we have held that the circuit court is required to conduct a dispositional hearing.

> In a child abuse and neglect proceeding where abandonment of the child . . . is alleged and proven, the circuit court should decide in the dispositional phase of the proceeding whether to terminate any or all parental rights to the child. Before making that decision, even where there are written relinquishments of parental

rights, the circuit court is required to conduct a disposition hearing, pursuant to West Virginia Code § [49-4-610] and Rules 33 and 35 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, at which the issue of such termination is specifically and thoroughly addressed.

Syl. Pt. 3, in part, *State ex rel. DHHR v. Hill,* 207 W.Va. 358, 532 S.E.2d 358 (2000).

Here, as previously stated, the circuit court did not take any additional evidence or testimony in support of its finding of abandonment, other than petitioner's incarceration. With regard to incarceration, we have explained that incarceration may support the termination of parental rights based on the analysis of a series of factors. *See Cecil T.*, 228 W.Va. at 97, 717 S.E.2d at 881 (holding that "[a]lthough we have not adopted a *per se* rule regarding the impact incarceration has on a termination of parental rights decision, we have likewise not said that the facts surrounding a parent's incarceration may never form the basis for terminating parental rights."). Further, we have held that

[w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Id.* at 91, 717 S.E.2d at 875, Syl. Pt. 3. The record clearly demonstrates that the circuit court did not rely on any other factors, other than petitioner's incarceration. The circuit court failed to specifically or thoroughly address which issues required the termination of petitioner's parental rights. Despite the renewal of petitioner's motion requesting his transport to the dispositional hearing, or in the alternative, to appear by video conference, in order to testify on his own behalf, the circuit court again denied the motion, made dispositional findings, and terminated his parental rights to the child. The circuit court simply stated that petitioner was "not available to be a parent and for those reasons, his rights are terminated to this child." The circuit court also indicated that petitioner's presence would not affect its decision to terminate his parental rights. Both the DHHR and the guardian agree that the circuit court's conclusory findings in this matter entitle petitioner to a dispositional hearing in accordance with West Virginia Code § 49-4-604 and Rules 33 and 35 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.

4

For the foregoing reasons, the circuit court's August 31, 2016, adjudicatory order and its December 23, 2016, dispositional order are hereby vacated and the matter is remanded to the circuit court.[3]

Vacated and Remanded.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3]The Court notes that both the adjudicatory and dispositional orders in question addressed several additional respondents and children subject to the proceedings below. Because these additional children are not the subject of petitioner's appeal and because these additional respondent have not appealed the orders in question, our vacation applies only to those rulings regarding petitioner's parental rights and adjudication as to C.S.